UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JONATHAN M. MOORE, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-180-DCR |
| | ) | |
| VS. | ) | |
| | ) | |
| D.L. STINE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Jonathan M. Moore, Sr., an individual incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to proceed *in forma pauperis* [Record Nos. 1, 2]. In support of his motion to proceed *in forma pauperis*, the Petitioner has submitted an affidavit/motion form about his lack of assets and a certificate of inmate account. The financial information reveals that in the six months preceding the filing of the instant petition, $228.42 was deposited into Petitioner's inmate account, for a monthly average deposit of $38.07. This monthly sum is at his complete disposal, over and above having the costs of his living essentials paid by federal taxpayers.

Historically, while a party need not be absolutely destitute in order to proceed *in forma pauperis* in federal court, pauper status has been denied to those bringing civil actions where they have adequate money to pay the filing fee. *See Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974); *Shimabuku v. Britton*, 357 F. Supp. 825 (D. Kan. 1973), *aff'd* 503 F.2d 38 (10th Cir.

-1-

Dockets.Justia.com

1974). Proceeding *in forma pauperis* is a privilege, not a right. *See Shobe v. People of the State of California*, 362 F.2d 545 (9th Cir. 1966), *cert. denied*, 385 U.S. 887 (1966).

Accordingly, because the Petitioner has sufficient resources available to pay the $5.00 filing fee for a habeas proceeding, it is hereby **ORDERED** as follows:

1. The Petitioner's application to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

2. The Petitioner is granted thirty (30) days from the date of entry of the instant Order in which to submit to the Clerk of the Court the sum of $5.00 for the instant filing fee.

3. Upon the expiration of forty (40) days from the date of entry of this Order, the Clerk of the Court is directed to notify the Pro Se Office.

4. The Petitioner is on notice that if he fails to pay the filing fee within thirty (30) days from the date of entry of this Order, the District Court will dismiss the instant action for want of prosecution. If the case is dismissed under these circumstances, it is not to be reinstated to the District Court's active docket despite the subsequent payment of filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

This 1st day of May, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge